UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br><br>-and-<br><br>Benjamin T. Mann,<br>        Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**<br><br>Case No. 21CR31JDP |

      Comes now Defendant, Benjamin T. Mann, by counsel, Jerome J. Babiak, and submits the following sentencing memorandum for this Court's consideration prior to the imposition of sentence herein. Defendant confirms that he has received the Presentence Investigation Report ("PSR") prepared by U.S. Probation Officer Jessica E. Sheets on or about October 25, 2021 and understands that this Court will consider said report during sentencing. However, because the PSR considers an *advisory* guideline sentencing range, Defendant submits this sentencing memorandum and motion for variance to assist the Court in determining the most appropriate sentence herein.

## BACKGROUND

      Benjamin Mann was named in a six-count Indictment in the above-titled case wherein Counts one through five charged him with distribution of child pornography in violation of Title 18 U.S.C. §2252(a)(2), while Count six charged him with possession of child pornography in violation of Title 18 U.S.C. §2252(a)(4)(B) and conspiracy to possess, distribute, or produce child pornography in violation of Title 18 U.S.C. §2252(b)(2). On September 9, 2021, Mr. Mann appeared at his plea hearing, whereby he entered a plea of guilty to Count one. Counts two through six were to be dismissed at sentencing.

      The PSR was completed and filed on October 25, 2021. The Guideline calculation is as follows:
- A base offense level of 22;
- A two-level enhancement for material involving a minor child under the age of 12, pursuant to §2G2.2(b)(2);
- A two-level enhancement because the offense involved distribution of child pornography, pursuant to §2G2.2(b)(3)(F);
- A two-level enhancement for use of a computer, pursuant to 2G2.2(b)(6); and

- A five-level enhancement for possession of more than 600 images, pursuant to §2G2.2(b)(7)(D).[1]

The PSR recommends a three-level reduction for acceptance of responsibility, resulting in a total offense level of 30.[2] Mr. Mann has no criminal convictions and is in criminal history category I.[3] The *advisory* Guideline range as calculated in the PSR is 97 to 121 months.[4] As indicated in the PSR, there is a statutory minimum term of imprisonment of five years and a maximum term of 20 years, along with a term of supervised release no less than five years, or life.[5]

## ANALYSIS

The Court follows the sentencing framework as described in *Gall v. United States*. The Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range, which provide a "starting point and the initial benchmark".[6] However, the court must make an individualized assessment based on the sentencing factors in U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing.[7] U.S.C. §33553(a) provides an analytical framework to the Court for determining whether or not a variance from the Guidelines range is appropriate.

### 1. Mr. Mann's Guidelines Sentencing Range

In many cases, the Guidelines will approximate a sentencing range that would achieve the objectives set forth in §3553(a).[8] These ranges are typically a product of the Sentencing Commission's careful study and "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."[9] Where a Guideline does not reflect the careful study of the commission, it is likely not "a reliable indicator of the Sentencing Commission's perspective on a fair sentence."[10] When that occurs, the Court may vary up or down from the Guidelines recommendation on a case-by-case basis after making a determination that the Guidelines would create an excessive sentence.[11]

---

[1] Doc. #22, Presentence Investigation Report at p. 14-15, ¶ 35-45.
[2] *Id.* at p. 15, ¶ 46-48.
[3] *Id.* at p. 16, ¶ 53.
[4] *Id.* at p. 21, ¶ 80.
[5] 18 U.S.C. §§ 2252 (a)(2) and 2252 (b)(1).
[6] *Gall v. United States*, 552 U.S. 38, 49 (2007).
[7] *Id.* at 49-50; *United States v. Beiermann*, 599 F.Supp.2d 1087, 1091 (N.D. Iowa 2009).
[8] *Kimbrough v. United States*, 552 U.S. 85, 109 (2007).
[9] *Gall*, 552 U.S. at 46.
[10] *United States v. Shipley*, 560 F.Supp. 2d 739, 744 (S.D. Iowa 2008).
[11] *Spears v. United States*, 555 U.S. 261, 265 (2009).

Numerous courts have explained that child pornography Guidelines are not the result of the Commission's expertise or based on careful study and empirical data.[12] USSC §2G2.2 consists of several outdated enhancements that, in practicality, apply to every case.[13] §2G2.2 is the result of 2 decades worth of Congressional directives that have continued to raise penalties and pile on enhancements.[14] As a result, the Guideline calculation leads to sentencing recommendations near the mandatory maximum required by statute, even for first time offenders.[15] The Sentencing Commission, acknowledging this dilemma, issued a comprehensive report surrounding USSC §262.2 in 2012.[16] The Commission determined that "the current sentencing scheme results in overly severe guideline ranges for some offenders based on outdated and disproportionate enhancements related to their collecting behavior.[17]

These enhancements were implemented in an earlier technological era where offenders received and distributed child pornography through the postal system.[18] As technology has changed, so has the profile of a typical offender, making the accessibility and volume of child pornography easier to get to than ever before, even for a first-time offender.[19] This is something that is not taken into consideration by USSC §2G2.2. Because of these outdated and archaic enhancements, a first-time offender guideline recommendation can approach, and even exceed the statutory maximum "based solely on sentencing enhancements that are all but inherent to the crime of conviction."[20]

None of the above is meant or intended to negate the seriousness of the offense Mr. Mann had plead to and is being sentenced for. Crimes involving children, especially those of child pornography, are serious and cannot be overlooked. However, at sentencing the Court must differentiate between offenders of these crimes based on the crime itself and the nature of the defendant. These are things that are not accomplished by §2G2.2. Based on the PSR completed in Mr. Mann's case, the Guidelines calculation shows a range of 97-121 of imprisonment. This range takes little to nothing into consideration regarding the offense itself or into Mr. Mann as a person. This is "fundamentally incompatible with §3553(a)" and "violates the principle, reinforced in *Gall*, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct."[21]

---

[12] *United States v. Dorvee*, 616 F.3d 174, 184-186 (2d Cir. 2010).
[13] *Id.* at 186
[14] *United States v. Henderson*, 649 F.3d 955, 960-63 (9th Circ. 2011); *Dorvee*, 616 F.3d at 184-86.
[15] *Dorvee*, 616 F.3d at 186.
[16] United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012), available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf.
[17] *Id.* at 321.
[18] *Id.* at 313
[19] *Id.* at 312-313.
[20] *Dorvee*, 616 F.3d at 186.
[21] *Id.* at 187 (citing *Gall*, 552 U.S. at 55).

Because of these inadequacies, several courts have rejected §2G2.2.[22] Others have still used the Guidelines but give them less weight in determining a sentence.[23] Even where courts have rejected the Guidelines, they have still been used as a basic framework and starting point, with the court rejecting some enhancements while giving others more weight in determining a sentence.[24] This allows the court to formulate a reasoned alternative, which fulfills the responsibility that accompanies the rejection of the Guidelines.[25]

Mr. Mann asks that the Court utilize the Guidelines as a basic framework as suggested, while rejecting the enhancement for use of a computer pursuant to §2G2.2(b)(6) and reducing the enhancement for number of images pursuant to §2G2.2(b)(7)(D) from 5 points to 4.

The enhancement for use of a computer applies in almost every case and does not serve any legitimate or reasonable purpose. Computer use is so widespread that the enhancement "is a little like penalizing speeding, but then adding an extra penalty if a car is involved."[26] For those reasons, the defendant believes this enhancement should be removed.

As for the enhancement for number of images, Mann asks that the court look at other factors than just the quantity of images, such as the collection behaviors of the defendant, the investments made into the collection, and the realities of technology to obtain images. As the Commission has indicated, 600 images are simply too few to trigger the maximum enhancement when the typical offender has hundreds or thousands of images.[27] There is no denying the number of images that Mann distributed, that being over 4,000. However, there is nothing to show how many of the images and videos he possessed were duplicates. There is no evidence to show that Mann went to extreme levels to obtain these images. Mann received the images from others and then saved them. Taking these additional facts into consideration, Mann feels that a 4-point enhancement is appropriate.

If the Court were to adopt the proposed changes to the Guidelines range as suggested by Mann and considered by the Commission, Mann would have a baseline score of 27. This would recommend an imprisonment range of 70-87 months.

## 2. 18 U.S.C. §3553(a) Factors

18 U.S.C. §3553(a) sets forth seven factors which the court must consider prior to imposing a sentence:

---

[22] *See United States v. Beiermann*, F.Supp. 2d 1087 (N.D. Iowa 2009).
[23] *See United States v. Cruikshank*, 667 F.Supp. 2d 697, 702 (S.D.W. Va. 2009).
[24] *Beiermann*, F.Supp 2d at 1107.
[25] *Id.*; *see also United States v. Aguilar-Huerta*, 576 F.3d 365, 367 (7th Cir. 2009).
[26] *United States v. Kelly*, 868 F.Supp. 2d 1202, 1209 (D.N.M. 2021).
[27] United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* at 61.

1) The nature and circumstances of the offense and the history and characteristics of the Defendant;
2) The need for the sentence imposed to reflect the four primary purposes of sentencing, i.e. retribution, deterrence, incapacitation, and rehabilitation;
3) The kinds of sentences available (e.g. whether probation is prohibited or whether a mandatory minimum term of imprisonment is required by statute);
4) The sentencing range established through application of the sentencing guidelines and the types of sentences available under the guidelines;
5) Any relevant policy statements promulgated by the Commission;
6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
7) The need to provide restitution to any victims of the offense.[28]

A sentence within the guidelines range is not presumed to be reasonable; rather, the Court makes an individualized assessment based on the facts of each case.[29]

Distribution of child pornography is indeed a serious offense, as evinced by the statutory requirement of a five-year mandatory minimum period of imprisonment. The children involved in these types of cases suffer significantly, as is shown by the victim impact statements filed by the government.[30] When evaluating the totality of the circumstances in the present case, Mann's conduct could be described on "the low end of the continuum of criminal conduct – from possession to distribution to production to predatory abuse – the exploits children."[31] There are also varying levels of culpability in defendants who distribute child pornography.[32] Here, Mann did not distribute the images for any sort of financial gain. He did not distribute in an effort to entice a child into performing a sexual act. Instead, he played a small role in a larger group of individuals who engaged in similar conduct.

Mann was found to be part of a group on Kik known as "Trading Fun."[33] Mann was found to have posted images, videos, and URL links of child pornography from March and June 2020.[34] On March 2, 2021, a search warrant was executed at Mann's home. Mann was arrested and questioned by law enforcement. At that time, he admitted his wrongdoing and cooperated with the investigation.[35] Mann did not create any of the images himself. He did not take part in

---

[28] 18 U.S.C. §3553(a).

[30] Document #23, Victim Impact Statements.
[31] *United States v. Howard*, 2010 WL 749782 at 8 (D. Neb. 2010).
[32] *Id.*
[33] Document #22, PSR at p. 5, ¶ 9-10.
[34] *Id.*
[35] *Id.* at p. 9-10.

this group for any sort of financial gain. Mann was a part of this group to satisfy a deeply routed addiction.

Mann is a 40-year-old man who has lived in Wisconsin Rapids, Wisconsin his whole life. Following in his father's footsteps, Mann pursued a career in electrical work, where he worked in varying positions until his most recent employment as a Union Member in IBEW Local 388 in Stevens Point, Wisconsin. He began dating Andrea Mann in 2008. married Andrea Mann on June 23, 2012 and is still married to her today. He has two biological daughters, as well as one stepdaughter. Throughout this process, Mann has had continuous support from him wife, family, and other members of the community, most notably through his church. This support is shown in the letters of support provided on behalf of Mann and attached hereto as Exhibit A.

Mann prides himself on being a man of faith. He has and continues to pledge himself to his faith, as shown in a letter provided from Josh Steinmetz, his Pastor at Faith Baptist Church. Through his faith and religious community, Mann was able to acknowledge and seek out treatment for his underlying addiction to child pornography. From April 9 to April 11, 2021, Mann completed an intensive treatment program in San Antonio, Texas through "Be Broken Ministries."[36] In that program, Mann was able to learn valuable lessons and tools to help turn away from his addiction to child pornography. He was also provided follow-up resources to contact for continued help and guidance with his addiction. The program recommended he seek out a prescription for an antidepressant.

Aside from the instant cases and additional State charges stemming from this case, Mann has no prior criminal history. He has never been involved with the criminal justice system and has only been issued a traffic citation for operating a motor vehicle without insurance.[37]

Going straight to the heart of the present case, Mann acknowledges his wrongdoings. He has taken responsibility for his actions, as shown in the 3-point reduction in the PSR.[38] Mann also knows he has an addiction to child pornography, as evinced by him seeking out treatment. Mann's lack of a criminal history, compliance with law enforcement and his overall remorsefulness for what he has done. Mann is ashamed for what he has done and wants to better himself for his family and his community.

The Court is also to look at the need for the sentence to achieve the general purposes of sentencing, including:

---

[36] *Id.* at p. 18, ¶ 66.
[37] *Id.* at p. 16, ¶ 54.
[38] *Id.* at p. 15, ¶ 46-47.

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[39]

As indicated above, the seriousness of this offense cannot be ignored. However, the statute takes the seriousness of the offense and just punishment into consideration when requiring a five-year mandatory minimum period of imprisonment. Also, by pleading and being convicted of this crime, Mann will now be required to register as a sex offender. This is a significant punishment that will have prolonged consequences throughout his life. "To be adjudicated guilty necessarily results in denomination as a sex offender; automatically provided is a lifetime of continuous punishment…Adding unnecessary, unduly long, periods of incarceration are inappropriate and should be avoided."[40]

This in and of itself provides significant deterrence for Mann to commit any further criminal acts. This also provides significant protection to the public in that Mann will be required to provide notice of his registry requirement for many things he may do in the future. With treatment and a tightly structured supervised release regimen, which likely will include mental health treatment to address his addiction, Mann has a low risk of recidivism. Combining these factors with the fact that Mann is a 40-year-old man who, not only has no prior criminal history, but also has shown significant remorse for his actions, a five-year period of imprisonment appears more than sufficient.

As detailed above, the Sentencing Commission has evaluated §2G2.2 and found flaws in several of the enhancements that are all but guaranteed in cases involving child pornography.[41] Due to these flaws, many offenders, regardless of the nature of the offense or personal characteristics of the person themselves, are faced with extensive periods of imprisonment. Following the Guidelines range as calculated in the PSR, it is all too possible that an individual like Mann, who is 40 years old with no prior criminal history, can end up with a range similar to an individual with an extensive criminal history. The Guidelines blur the line of differentiating offenders based on the crime they are facing and the actual person themselves. While all child pornography cases are indeed serious and warrant significant punishments, not all offenders are created equal. Due to Mann's lack of a criminal record and his cooperation and remorse, he should be punished differently than one with an extensive criminal history. This cannot be achieved by using the Guidelines as §2G2.2 intended.

---

[39] 18 U.S.C. §3553(a)(2)(A-D).
[40] *United States v. R.V.*, 157 F.Supp. 3d 207, 210 (E.D.N.Y. 2016).
[41] United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses*

## CONCLUSION

When considering the Sentencing Commission's comments on §2G2.2 in cases involving child pornography, the factors laid out in §3553(a), and Mr. Mann's cooperation and acceptance of responsibility, it is clearly within the Court's discretion and authority to find a downward variance from the sentencing guidelines range and recommended sentence. A downward variance in this instance is reasonable, fair and appropriate based upon the nature and circumstances of the present offense, coupled with Mr. Mann's lack of a criminal history and personal characteristics. As suggested by Mann, a downward variance of at least 3 points is justified in this instance based on the Commission's handling of child pornography cases and enhancements following the improvement in technology.

The Court is to impose "a sentence sufficient, but not greater than necessary," to comply with the factors in §3553(a).[42] The factors give the Court latitude to vary downward from the imprisonment recommendation by the guidelines. This is especially true where the recommended guideline sentence is excessive and fails to consider the factors in §3553(a), as is the recommendation in the present case.

Having accepted responsibility for his wrongs and taken accountability for his actions by entering a guilty plea to the count as alleged, Mann is respectfully requesting the Court to exercise its' discretion and latitude in this case by imposing a term of imprisonment of five years, followed by a five-year period of supervision. Combining the downward variance of 3 points, along with the factors set forth in §3553(a), Mann believes that a five-year period of imprisonment is sufficient. A sentence of that magnitude will impress upon Mann the seriousness of the offense and need for punishment, while also taking into consideration his acceptance of responsibility, remorsefulness of his actions, and lack of a criminal history. With treatment and supervision, Mann provides minimal risk to the public and community at large. This sentence will also serve as a significant deterrent to a 40-year-old man who has never been incarcerated before. Furthermore, the sentence will promote to the victims of this offense and the public at large that cases involving child pornography are serious and not to be tolerated.

WHEREFORE, Defendant, Benjamin Mann respectfully requests the Court impose a period of imprisonment of five years, along with a period of supervision of five years.

---

[42] *Gall*, 552 U.S. 38 (2007).

HEREBY CERTIFY: That a true and exact copy of this document was electronically filed in the Court's system and will be sent through that means to the attorneys of record.

Respectfully submitted this 24th day of November, 2021.

NASH LAW GROUP
ATTORNEYS AT LAW, S.C.

*/s/ Jerome J. Babiak*
Jerome J. Babiak (1117237)
Attorneys for Benjamin T. Mann
170 Third Street North
P.O. Box 997
Wisconsin Rapids WI 54495-0997
Telephone: (715) 423-8200
Email: jbabiak@nashlawgroup.com
